# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 19, 2007

128676 & (45)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

JOSEPH M. MAUER, Personal Representative
for the Estate of KRISTIANA LEIGH MAUER,
Deceased, JOSEPH M. MAUER, Individually,
JOSEPH M. MAUER, as Next Friend of CARL
MAUER, a minor, MINDE M. MAUER, and
CORY MAUER,
          Plaintiffs-Appellees,

v

ROBERT WAYNE TOPPING,
          Defendant,

and

BOARD OF COUNTY ROAD COMMISSIONERS
OF MANISTEE COUNTY,
          Defendant-Appellant.
_____/

SC: 128676
COA: 250858
Manistee CC: 02-010971-NI

      By order of March 31, 2006, the application for leave to appeal the April 7, 2005 judgment of the Court of Appeals was held in abeyance pending the decision in *Rowland v Washtenaw Co Rd Comm* (Docket No. 130379). The case was decided on May 2, 2007, 477 Mich 197 (2007). On May 29, 2007, the defendant Board of County Road Commissioners of Manistee County filed a motion for peremptory reversal. On order of the Court, the application and the motion for peremptory reversal are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we GRANT, in part, the motion for peremptory reversal and REVERSE the judgment of the Court of Appeals with respect to the defendant's motion for summary disposition regarding the claims of individual plaintiffs Joseph Mauer, Minde Mauer, Carl Mauer, and Cory Mauer. The plaintiffs' notice to the defendant Board was untimely under MCL 691.1404 as to these plaintiffs. *Rowland*, *supra*. We REMAND this case to the Manistee Circuit Court for entry of an order granting summary disposition to the defendant Board with respect to these individual plaintiffs. With respect to the claims brought on behalf of the estate of Kristiana Leigh Mauer, the application and motion for peremptory reversal are DENIED,

because we are not persuaded that the questions presented should now be reviewed by this Court.

WEAVER, J., concurs in part and states as follows:

I concur in the majority's decision because, as was the case in *Rowland v Washtenaw Co Rd Comm,* 477 Mich 197 (2007), the notice provided by the plaintiffs in this case was insufficient under the statute in that it failed to provide "the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." MCL 691.1404(1). Consequently, the defendant road commission need not show actual prejudice arising from the untimeliness of the notice because, even if the notice had been timely, it was deficient under the statute.

CAVANAGH, J., dissents and states as follows:

I continue to adhere to the views expressed in my dissent in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 270-279 (2007).

KELLY, J., dissents and states as follows:

I continue to adhere to the views expressed in my dissent in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 248-270 (2007).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 19, 2007



Clerk

d1016